IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BONITA LYNN CORMIER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | |
| vs. | : | NO.: 4:11-cv-305-HLM |
| | : | |
| CHERYL XANTHOS and | : | |
| JOHN XANTHOS, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Plaintiff is Bonita Lynn Cormier; Defendants are Cheryl Xanthos and John Xanthos. Plaintiff sued defendant for Assault, Battery and Identity Fraud. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff files this response asking the court to deny defendant's motion.

### Argument

When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir.200); *In re Stac*

1

*Elecs.Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitled plaintiff to some relief, the court should overrule defendant's motion.

In this case, the plaintiff alleged a cause of action for Assault and Battery. The elements are non-privileged touching.  Plaintiff also, alleged that Defendant Cheryl Xanthos committed the tort of Identity fraud by ordering magazines in the Plaintiff's mail. Plaintiff sufficiently alleged facts necessary to prove each element of these claims.

**Count I**

The plaintiff had noticed that her cats that she owned had been disappearing. On investigation she found, that, her next door neighbor had been trapping cats by baiting a trap with canned food. On further investigation and inquiry she found many of her neighbors' cats had also disappeared, never to return. When she looked further she learned that the Xanthos had turned 26 cats over to the Animal Control. None of these cats were still alive due to the Animal Control's policy of destroying all animals in their custody within a few days. The trapping of the neighborhood's domestic animals continued unabated.

On December 31, 2009, Plaintiff saw a red truck that was unfamiliar to her leave with a trap. She and her husband went to the Animal Control shelter to ascertain the cats' identity and whereabouts. Mrs. Cormier also wanted to find out the identity of the driver of the truck. On arrival she found the truck and began photographing its license plate with a digital camera. Suddenly, the Xanthos exited the Animal Control building. Mrs. Xanthos charged straight to Mrs. Cormier and attempted to take Mrs. Cormier camera's away from her.

Mrs. Cormier kept both hands on her camera as Mrs. Xanthos lunged and grabbed at the camera. Then, Mrs. Xanthos struck at Mrs. Cormier violently shoving the camera into her face. Mrs. Cormier retreated but Mrs. Xanthos pursued her toward the door of the building. Mrs. Xanthos hazed or pushed her against the right side of the truck and ultimately pinned her between the door and the mirror. The DVD taken by the security camera of the Animal Control center reveals Mrs. Xanthos could have gone by the front of the truck and went straight to the right side door and entered the vehicle. But instead she charged past the rear of the truck about ten feet into the parking lot to accost Mrs. Cormier by pushing, grabbing, and hitting at her. Mrs. Cormier on the other hand never took either of her hands from the camera. Mr. Xanthos then came very near to Mrs. Cormier, his hands on either side of her, against the truck, pinning Mrs. Cormier to the truck. (an

unwanted touch or assault). Mr. and Mrs. Xanthos committed the torts of Assault and Battery on her person in Count 1 of her complaint.

The plaintiff's action in Count 1, is for the torts of assault and Battery. "Any unprivileged, unnecessary act of physical violence constituting a harmful or offensive contact, inflicted on the person of another is an assault and battery. *Greenfield v. Colonial Stores Inc*, 110 Ga. App 572, 139 SE.2d 403 (1964); *Brown v. Super Discount Market, Inc.,* 223 Ga. App 174, 477 SE.2d 839 (1996) reconsideration denied.   (Oct. 15, 1996) and cert. denied, (Feb. 14, 1977). "In this case there is a videotape that shows the assault and battery. The fact that others believed otherwise is not dispositive of this case. The videotape shows contact by defendants and aggression by the defendants." The act of intentionally causing physical harm to another is civilly actionable as a battery. *Hendricks v. Southern Bell Telephone and Telegram Co*., 193 Ga. App. 264, 387 S.E.2d 593(1989). Because of the importance of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable as a battery. *Haile v. Pittman*, 194 Ga. App. 105, 389 S.E.2d 564 (1989). Thus an unauthorized offensive contact no matter low minimal, is actionable as a physical injury to a person. *Jarrett v. Butts*, 190 Ga. App. 703, 379 S.E.2d 583 (1989). " <u>Ga Jurisprudence,</u> 1995, Lawyers Co. "Personal Injury and Torts" 13, 4 p399-400.

The tort of battery involves intentional action by the defendant not negligence *Newton v. Porter*, 206 Ga. App. 19, 424, S.E.2d 323 (1992). Intent to cause physical harm to another is not absolutely essential to the viability of a civil action for battery. It is the intent to make either harmful or insulting or provoking contact with another which renders a person civilly liable for a battery." Thus, liability may be premised upon the mere intent of the defendant to make contact of an insulting or provoking nature with plaintiff." *Hendricks v. Southern Bell Telephone and Telegram Co.*, 193 Ga. App. 264, 387 S.E.2d 593 (1989) Ga Jurisprudence Supra §13:5.

## Count II

Count II alleges an action for punitive damages for the assault and Battery. The award of punitive damages for willful torts are allowed under Georgia law for assault and battery. O.C.G.A. § 51-12-5.1 says:

> (a) As used in this Code section, the tem "punitive damages" is synonymous with the terms "vindictive damages," "exemplary damages," and other descriptions of additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant.

>   (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences

Punitive damages are also allowed for the statutory tort of identity fraud under O.C.G.A. 16-9-130 (a)(b).

## Count III

After the above incident, the Plaintiff began to receive Magazines which she had not ordered through the mail. She investigated the applications and hired a handwriting expert who told her that the handwriting on the magazines order forms was probably Mrs. Xanthos'. Following the collection of handwriting exemplars in connection with discovery in this case a more positive opinion should be forthcoming. Plaintiff brings Count III for Identity Theft under O.C.G.A. § 16-9-130.

The plaintiff contends that by these acts, Mrs. Xanthos violated Mrs. Cormier's right of privacy and seclusion and committed the tort of Identity fraud, when she ordered these magazines for which plaintiff must either pay or spend substantial time to stop the magazines and stop the billings from these magazines.

The novel manners in which Mrs. Xanthos has violated these rights do not shield her from liability for these acts. "A person commits identity fraud when he without authority or permission of a person with the intent unlawfully to appropriate resources of or cause physical harm to that person, or any other person, to his or her own use or to the use of a third party, her or she: (1) obtain or records identifying information of a person which would assist in accessing the resources of that person or any other persons, or (2) Accesses or attempts to access the resources of a person through the use of identifying information. OCGA § 16-9-121. The State of Georgia recognizes an action for consumer victims who suffers injury or damages as a result of a violation of this article to recover general damages and punitive damages under OCGA §16-9-130.

The right of privacy has been recognized for over 100 years. *Pavesich vs. New England Life Insurance Company*, et.al. 122Ga 190 (1905), (3) the right of privacy is embraced within the absolute right of personal security and personal liberty.... Personal liberty included not only freedom from physical restraint but also the right "to be let alone". *Pavesich Supra* at p190.

….The Supreme Court has instructed the conduct actionable "involves a prying or intrusion, which would be offensive or objectionable to a reasonable person." The placing of magazine orders in the name of Mrs. Cormier by Mrs. Xanthos violates O.C.G.A.§16-9-121 when, she caused Mrs. Cormier damages by

appropriating resources of or cause physical harm to that person to the use of a third party. (1) Obtain or records identifying information (name and address) (2) accessed Mrs. Cormier resources by use of that information to place the order for the magazine.

At the beginning of their motion to dismiss, the defendants plead their counterclaim as a reason to dismiss plaintiff's case. They claim that Mrs. Cormier taking of two cages used to trap her cats somehow justified this subsequent assault and battery of her. The law in Georgia does not allow for the trapping of domestic cats, and it is illegal to trap at the border of another's property. (O.C.G.A. § 27-3-63 (2)) Plus, the law requires domestic animals to be set free from legal traps and makes it a crime not to possess a choke stick for the purpose of releasing domestic animals. (O.C.G.A. § 27-3-63 (7))  Finally, trapping requires a license and the traps must be tagged. (O.C.G.A. § 27-2-1, O.C.G.A. § 27-3-60 and O.C.G.A. § 27-3-63 (4)) There is no law allowing anyone to strike another because they took traps a month earlier and were arrested for that incident.

Mrs. Cormier vehemently denies cursing or using any profanity during any of these incidents. Mrs. Cormier is against the use of such language, and has a reputation for not using profane language. She has earned those reputations during her long life working in Public. Mrs. Cormier needs no such language to communicate her disaffection for the acts of Mr. and Mrs. Xanthos. Mr. Xanthos

on the other hand, used vile language at the receiving area of the Animal Control facility. It is recorded on the videotape and need not be repeated here.

## Conclusion

Because plaintiff's factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket. In the alternative, if the Court determines plaintiff has failed to state a claim plaintiff asks the court to grant leave to amend the complaint.

Respectfully submitted,

This 8th day of February, 2012.

s/James A. Satcher, Jr.
Georgia Bar No. 626925
Attorney for Plaintiff

3 Central Plaza Box 405
Rome, GA 30161
Tel: (706) 291-4019
Email: lawoffice@birch.net

## **CERTIFICATION OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

This 8th day of February, 2012.

                                                  s/James A. Satcher, Jr.
                                                  Georgia Bar No. 626925
                                                  Attorney for Plaintiff

3 Central Plaza Box 405
Rome, GA 30161
Tel: (706) 291-4019
Email: lawoffice@birch.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2012, I electronically filed **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Robert K. Finnell<br>The Finnell Firm<br>P.O. Box 63<br>Rome, GA 30162-0063<br>Email: bob@finnellfirm.com | Darren Summerville<br>The Summerville Firm, LLC<br>400 Colony Square, Ste. 1900<br>1201 Peachtree Street, NE<br>Atlanta, GA 30361<br>Email: Darren@summervillefirm.com |

                                                Respectfully submitted,

                                                s/James A Satcher, Jr.
                                                Attorney for Plaintiff
                                                GA State Bar # 626925

3 Central plaza, Box 405
Rome, GA 30161-3233
Phone: (706) 291-4019
Fax:    (706) 291-4336
Email: lawoffice@birch.net